**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JOHN A KELLEHER,**

Plaintiff,

v.

**DAIMLERCHRYSLER CORPORATION, a division of DaimlerChrysler AG, a foreign corporation,**

Defendant.

Civil No. 01-1090 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Edwin Lee Sisam, Esq., for Plaintiff

Marko J. Mrkonich, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on September 24, 2002 on Defendant's Motion for Protective Order (Doc. No. 14) and Plaintiff's Motion to Modify Scheduling Order and to Compel (Doc. No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff John A. Kelleher is suing Defendant DaimlerChrysler Corporation for age discrimination. Plaintiff contends that Defendant repeatedly failed to promote him to a Zone Manager position and instead promoted younger, less qualified employees. According to Plaintiff, Defendant's

FILED 9-26-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

pretextual reason for failing to promote him is his attendance at a company event, "Fun in the Sun."

## I. DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER

Defendant asks the Court to issue an order protecting it from having to produce nineteen people for deposition. On August 16, 2002, Defendant received Notices of Deposition for nineteen current and former employees. The Notices scheduled the nineteen depositions for August 26, 27, and 28, 2002. In support of its motion, Defendant first notes that fact discovery closed on September 1, 2002. Second, Plaintiff has already deposed nine current and former employees of Defendant, and Federal Rule of Civil Procedure 30(a)(2) requires that a party obtain leave of the Court before taking more than ten depositions in a particular matter. Third, Defendant submits that the anticipated testimony is either not relevant, duplicative, or unreasonably cumulative. Fourth, the Notices require that the depositions take place in Minneapolis, but the deponents reside and work throughout the United States. Federal Rule of Civil Procedure 45 mandates that a non-party witness must be deposed within 100 miles of his or her residence or place of employment. Finally, Defendant claims that the identity of some of the deponents was made known to Plaintiff on November 9, 2001, and therefore, Plaintiff was dilatory in noticing the depositions and should not be allowed to proceed now that discovery has closed.

In response, Plaintiff filed a memorandum in opposition as well as a motion to modify the scheduling order and a motion to compel the depositions. Plaintiff explains that the delay in noticing the depositions was caused by the parties' agreement to suspend discovery from approximately June to September 2002 while they engaged in settlement negotiations. Plaintiff further asserts that the deposition testimony is relevant. Six witnesses will demonstrate the pretext of Defendant's proffered reason for failing to promote Plaintiff, and nine witnesses have information relevant to support Plaintiff's allegation that Defendant engages in a pattern and practice of age discrimination.[1] Finally, Plaintiff concedes that the depositions should take place in the locations where the non-parties reside or work.

The Court finds that Plaintiff should be allowed to depose some of the witnesses, and the pretrial schedule should be modified accordingly. A request to modify a pretrial scheduling order requires a showing of good cause by the moving party.[2] <u>See</u> D. Minn. LR 16.3(a). Here, the parties agreed to suspend discovery during the settlement negotiations. Although the Court does not condone this practice, in this case, the Court finds that the stay

---

[1] Plaintiff originally noticed nineteen depositions but now seeks to depose only fifteen witnesses.

[2] It is true that Plaintiff did not move to modify the scheduling order before the deadline for such motions. However, considering the circumstances of the settlement negotiations, combined with the fact that Plaintiff did so move only ten days after the deadline, the Court concludes that the "extraordinary circumstances" requirement of 16.3(c) has been satisfied.

constitutes good cause to allow Plaintiff to conduct depositions after the original September 1, 2002 discovery deadline. The parties were very close to settlement, and their intention was to reduce litigation costs. In addition, the depositions were noticed before the September 1st cutoff for discovery.

Plaintiff may conduct more than the ten depositions envisioned by Rule 30(a)(2)(A). The advisory committee's note to the rule states that "[l]eave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A) advisory committee's note (1993 amendment). Rule 26(b)(2) instructs a court to consider whether "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; . . . the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

In this case, much of the deposition testimony sought by Plaintiff would be cumulative and duplicative. Plaintiff proposes to have six witnesses testify about the pretext of Defendant's reason for failing to promote Plaintiff and to have nine current or former employees testify that they believe they were

passed over for promotions in favor of younger employees. While evidence of pretext and pattern and practice is relevant in this case, see Morgan v. Arkansas Gazette, 897 F.2d 945, 949-51 (8th Cir. 1990) (pattern and practice), the number of proposed deponents is unnecessarily excessive. In addition, as Plaintiff observed at the hearing with respect to a cited case, some of the evidence could have been obtained via written questions, which would have been more convenient, less burdensome, and less expensive than traveling to the six out-of-state locations now contemplated by Plaintiff. Moreover, Plaintiff has had ample opportunity, limited only by the pretrial schedule and the Federal Rules of Procedure, to obtain the information sought, especially considering that Plaintiff did not notice any depositions until May 2002 even though it learned of some of the witnesses in November 2001. Finally, demonstrating the pretext of Defendant's reason for failing to promote Plaintiff is an important issue in this case, but the anecdotal evidence of other employees' experiences is less so.

Consequently, the Court finds that Plaintiff should be allowed to conduct an additional six depositions, not including the two investigators whom Defendant has already agreed may be deposed. Plaintiff is permitted to apportion the depositions between the issues as he deems appropriate for his case, but he should try to avoid deposing six witnesses in six different, out-of-state locations. Finally, Plaintiff is instructed to re-notice the depositions as soon as possible.

## II. PLAINTIFF'S MOTION TO MODIFY THE PRETRIAL SCHEDULE

As discussed in Part I, Plaintiff's motion to modify the pretrial schedule is granted. However, because Plaintiff will be taking only six depositions, a four-month extension is not necessary. The remaining deadlines are extended two months. Thus, non-expert discovery must be completed by November 1, 2002. Furthermore, only the depositions permitted herein may be conducted during this time. Expert discovery shall be completed by December 1, 2002. All non-dispositive motions must be filed prior to December 1, 2002. Dispositive motions must be noticed, served, filed, and heard before February 1, 2003. This case will be considered ready for trial as of February 1, 2003.

## III. PLAINTIFF'S MOTION TO COMPEL

In addition to the depositions, Plaintiff moves to compel the following information: (1) a list of individuals who were promoted to Band 95 from March 1998 to present, certain job-related information about each person, and the personnel files for each person; (2) a list of individuals who held the positions of Zone Manager and Assistant Zone Manager for Bands 94, 95, and 96 from 1990 to present, certain employment-related information for each person, and the personnel files for each person; and (3) the personnel files of two managers, Ralph Smith and Curt Young, who were allegedly disciplined with respect to the Fun in the Sun event.[3]

---

[3] Plaintiff acknowledged at the hearing that his request for Defendant's criteria for granting promotions was moot given Defendant's representation that it had no such documents.

**A. Interrogatories No. 9 and 12 and Corresponding Document Requests**

The Court finds the following information to be relevant: the names of individuals promoted to Band 95 from March 1998 to present; the names of individuals who held the positions of Zone Manager or Assistant Zone Manager for Bands 94, 95, and 96 from 1990 to present[4]; and the date of birth, date of promotion, current position and location, all prior positions, and dates each prior position was held for all of the above-named individuals. Defendant has already produced Promotion Reports, which list the names of promoted employees, previous jobs, departments, locations, and birth dates, and Salaried Employee Change Notices, which include employee addresses, telephone numbers, corporate service dates, work history, positions held, and salary levels. Defendant's response is largely adequate.[5] Plaintiff does not explain how information about race, gender, educational background, work experience prior to employment with Defendant, or reason for termination of employment is relevant. Furthermore, Defendant's manner of providing the information is appropriate. In answering the interrogatories, Defendant directed Plaintiff to

---

[4] Defendant submits that it should not have to provide information for the last twelve years. However, Defendant does not suggest an alternative timeframe, and it appears that Defendant has waived this argument by already producing some information for this time period and by failing to specifically object to the interrogatory on this basis.

[5] Plaintiff identified one employee, Richard Ciesla, for whom salary information was missing from 1973 to 1992. Defendant must provide complete information for employees identified in response to the interrogatories.

entire files. However, records related to any disciplinary action taken because of the event are relevant and must be produced. According to Plaintiff, Defendant's proffered business reason for not promoting him is because of the event, and therefore, disciplinary action taken against other managers relating to the same event is relevant.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant's Motion for a Protective Order (Doc. No. 14) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

(2) Plaintiff's Motion to Modify Scheduling Order (Doc. No. 19) is **GRANTED** as to modification but **DENIED** as to the specific extension requested.

(3) Plaintiff's Motion to Compel (Doc. No. 19) is **GRANTED IN PART** and **DENIED IN PART**.

(4) The pretrial schedule is modified as follows. Non-expert discovery must be completed by November 1, 2002. Only the depositions permitted herein may be conducted during this time. Expert discovery shall be completed by December 1, 2002. All non-dispositive motions must be filed prior to December 1, 2002. Dispositive motions must be noticed, served, filed,

and heard before February 1, 2003. This case will be considered ready for trial as of February 1, 2003.

(5) Plaintiff may conduct an additional six depositions, not including the two investigators whom Defendant has agreed may be deposed, and Plaintiff must re-notice the depositions as soon as possible.

Dated: September 25, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word **"SEALED"** or **"CONFIDENTIAL"**

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.